(September 25, 1986)

■ In the Matter of KASSEM ORFALI, Respondent. CLERK OF CITY OF NEW YORK, Appellant.—Judgment of the Supreme Court, New York County (Richard W. Wallach, J.), entered on June 4, 1985, which granted the petition to the extent of directing respondent to file, along with the original records of petitioner's marriage, a corrective affidavit stating the true facts as to petitioner's name and birth date and to note the correction on his marriage license, is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements.

It is well established that the extraordinary remedy of mandamus is available only to enforce the performance of a ministerial duty and thus may not be awarded to compel an act involving the exercise of discretion by a public official. *(Klostermann v Cuomo,* 61 NY2d 525.) Domestic Relations Law § 20 provides that respondent City Clerk "may" take action to correct documents relating to contracts of marriage where "it is claimed that a mistake has been made through inadver-

tence in any of the statements, affidavits or other papers required by this section to be filed". In the instant situation, there was no inadvertent error on the part of either petitioner or respondent. Indeed, respondent duly noted and filed the information furnished by petitioner in connection with his marriage. Any alleged mistakes contained in petitioner's marriage records were caused by the fact that he knowingly submitted false documentation allegedly derived from his unfortunate Iranian experience. Since petitioner does not possess a clear right to the relief being sought, the petition should be dismissed. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Kassal, JJ.

■ The People of the State of New York, Respondent, v Sal Maisano, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered on May 27, 1981, unanimously affirmed.